UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ILA M. BRUNER,

    Plaintiff,

v.                                                           Case No: 8:08-CV-1744-T-27GJK

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came on for consideration upon the Report and Recommendation ("R&R") submitted by Magistrate Judge Gregory J. Kelly (Dkt. 15) recommending that the decision of the Defendant Commissioner denying Plaintiff's application for a period of disability, disability insurance benefits, and Supplemental Security Income benefits be affirmed. Plaintiff filed objections to the R&R (Dkt. 16). After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation.

The District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *Crawford v. Comm' r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 ( 1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). While the Court

reviews the Commissioner's decision with deference to factual findings, no such deference is given to legal conclusions. *Keeton v. Department of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145 (11th Cir. 1991)).

Plaintiff's objections reassert points of error in the Commissioner's decision that the Magistrate Judge's well-reasoned report correctly rejects or finds harmless. Only two objections require discussion. Plaintiff objects that the Administrative Law Judge (the "ALJ") erred in weighing the evidence by failing to specifically weigh the opinion of consultative examining physician Dr. Rosimeri Clements and to mention her assignment of a GAF score of 50. Generally, an ALJ is required to state with particularity the weight he gives the different medical opinions and the reasons why. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).[1] Absent such a statement, a reviewing court cannot determine whether the ultimate decision is supported by substantial evidence. *Hudson v. Heckler*, 755 F.2d 781, 786 (11th Cir. 1985). However, a failure to articulate the weight given to a treating physician's opinion may be harmless if the opinion does not contradict the ALJ's findings. *See Wright v. Barnhart*, 153 F. Appx. 678, 684 (11th Cir. 2005) ("Although the ALJ did not explicitly state what weight he afforded the opinions of [several treating physicians], none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions is harmless.") (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th

---

[1] *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."); 20 C.F.R. § 416.927(d)(2) (same); 20 C.F.R. § 404.1527(f)(2)(ii) ("Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to . . . any opinions from treating sources, nontreating sources, and other nonexamining sources . . . ."); Soc. Sec. Ruling 96-8p (July 2, 1996), 1996 WL 374184 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

Cir. 1983)). Finally, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," so long as the ALJ's decision allows the conclusion that the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

The Court agrees with the Magistrate Judge that the ALJ's failure to specifically weigh the opinion of Dr. Clements (or to mention his assignment of a GAF score of 50) does not show that the ALJ failed to consider Plaintiff's entire medical condition and does not require reversal. First, instead of rejecting or discounting Dr. Clements' opinion, the ALJ relied on the opinion in finding Plaintiff's depression not severe (and relied on Plaintiff's statements to Dr. Clements in making the findings required by 20 C.F.R. § 404.1520a). In light of the ALJ's reliance on Dr. Clements' opinion and the fact that Dr. Clements (besides noting that Plaintiff denied anxiety and depression and reported that her prescribed medication had been effective and besides observing that Plaintiff "had the full range of appropriate affects and appeared in no mental acute mental distress") concluded that Plaintiff's prognosis was fair and that she suffered no significant cognitive impairment,[2] the ALJ's failure to specifically articulate the weight given to Dr. Clements' opinion is harmless. *See Wright*, 153 F. Appx. at 684.

Second, the ALJ's failure to discuss a single GAF score does not require reversal under *McCloud v. Barnhart*, 166 F. Appx. 410 (11th Cir. 2006). The Global Assessment of Functioning score ("GAF") score reports "the clinician's judgment of the individual's overall level of functioning." Diagnostic and Statistical Manual of Mental Disorders 30 (4th ed. 1994)

---

[2] R. at 202-204.

3

("DSM-IV"). A GAF score between 41 and 50 denotes "**Serious symptoms** (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) **OR any serious impairment in social, occupational, or school functioning** (e.g., no friends, unable to keep a job)." DSM-IV at 32. However, as an overall assessment of the individual's functioning, "a GAF score does not itself necessarily reveal a particular type of limitation . . . . Thus, an opinion concerning GAF, even if required to be accepted as valid, would not translate into a specific finding in regard to functional limitations." *Stokes v. Astrue*, No. 8:08-cv-1657-T-23HTS, 2009 WL 2216785, *7 (M.D. Fla. July 23, 2009).[3] Moreover, "the Commissioner has declined to endorse the GAF scale for 'use in the Social Security and SSI disability programs,' and has indicated that GAF scores have no 'direct correlation to the severity requirements of the mental disorders listings.'" *Wind v. Barnhart*, 133 F. App'x 684, 692 n.5 (11th Cir. 2005) (quoting Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 FR 50746-01 (Aug. 21, 2000)). "A GAF score of fifty or less does, however, does suggest an inability to keep a job." *Lee v. Barnhart*, 117 F. Appx. 674, 678 (10th Cir. 2004).[4] Accordingly, failure to evaluate a GAF score can constitute reversible error. *See McCloud v. Barnhart*, 166 F. Appx. 410, 418 (11th Cir. 2006).

In *McCloud*, after noting the plaintiff's GAF score of 30 on admission to a hospital where

---

[3] *See also Lee v. Barnhart*, 117 F. Appx. 674, 678 (10th Cir. 2004) ("Standing alone, a low GAF score does not necessarily evidence an impairment seriously interfering with a claimant's ability to work. The claimant's impairment, for example, might lie solely within the social, rather than the occupational, sphere.") (citation omitted); *Quaite v. Barnhart*, 312 F. Supp. 2d 1195, 1200 (E.D. Mo. 2004) ("In the absence of any evidence indicating that [the physician] assigned this GAF score [of 50] because he perceived an impairment in plaintiff's ability to work, the score, standing alone, does not establish an impairment seriously interfering with plaintiff's ability to perform basic work activities.").

[4] *See also McCloud v. Barnhart*, 166 F. Appx. 410, 418 (11th Cir. 2006) ("[A] GAF score of 41-50 indicates severe impairments.") (citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed.1994)); *Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003) (GAF score of 50 "reflects serious limitations in the patient's general ability to perform basic tasks of daily life.").

she received therapy for anxiety and depression, the ALJ erroneously described the plaintiff's GAF score of 45 on discharge as "reflective of moderate symptoms" instead of severe impairments. 166 F. Appx. at 418. The Eleventh Circuit rejected the contention that the error was harmless because the court was unable to determine how much weight the ALJ placed on the misinterpreted GAF score. Additionally, the ALJ failed to consider a GAF score of 48. In part for these reasons, the court remanded for a determination by the Commissioner of "what, if any, weight to place" on the two scores. Unlike in *McCloud*, there is no suggestion here of reliance on a misinterpreted score. Given the ambiguity (with respect to functional limitations) of a single GAF score of 50 and its assignment by a consultative examiner who concluded that Plaintiff suffered no significant cognitive impairment and had a fair prognosis, the Court agrees with the Magistrate Judge that the ALJ's failure to mention and specifically weigh the score does not show that the ALJ failed to consider all the medical evidence (either at step two or in the determination of Plaintiff's residual functional capacity[5]). Plaintiff's objection is overruled.

Plaintiff further objects that (a) the ALJ misquoted the opinion of consultative examining physician Dr. Caryn G. Hasslebring, (b) the Magistrate Judge in effect adopts the misquotation, and (c) properly interpreted, the statement implies that Plaintiff cannot do sustained work activities in an ordinary work setting on a regular and continuing basis. Dr. Hasslebring's report states that she had "referred [Plaintiff] to Vocation[al] Rehabilitation to see if they can help get her back into the work force. I cannot really based on her findings today say that she is fully disabled, particularly

---

[5] *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) ("While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy.").

for a sedentary position such as she has had in the past."[6] Although not a model of clarity, the statement appears consistent with the ALJ's statement (which does not purport to be a quotation) of Dr. Hasslebring's opinion, namely, that "[Plaintiff] could perform in a sedentary position, as she performed in the past."[7] In short, the ALJ's conclusion that Plaintiff was able to meet the physical and mental demands of her past relevant work does not rely on misquotation or misstatement of Dr. Hasslebring's opinion, and Plaintiff's own interpretation of the opinion (as implying an inability to engage in sustained work) appears speculative. Plaintiff's objection is overruled.

Otherwise, the Court agrees with Magistrate Judge that the Commissioner's determination is supported by substantial evidence. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) ("Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence."). Plaintiff's objections are overruled. Accordingly, it is **ORDERED AND ADJUDGED**:

1) The Report and Recommendation of the Magistrate Judge (Dkt. 15) is adopted, confirmed, and approved and is made a part of this order for all purposes, including appellate review.[8]

2) The decision of the Defendant Commissioner is affirmed.

---

[6] R. at 260.

[7] R. at 16. Contrary to Plaintiff's suggestion, the Magistrate Judge accurately reports both statements. *See* Dkt. 15 at 16, 27; *cf.* Dkt. 15 at 47.

[8] The Court notes the following typographical errors in the Report and Recommendation. Dkt. 15 at 2, line 2 ("on fair") should read: "only fair." Dkt. 15 at 2, line 18 ("the ALJ properly determined that Claimant's RFC") should read: "the ALJ properly determined the Claimant's RFC." Dkt. 15 at 5, line 22 ("Dr. Hostetler's note show") should read: "Dr. Hostetler's notes show." Dkt. 15 at 9, line 21 ("but the after being placed on Vioxx") should read: "but after being placed on Vioxx." Dkt. 15 at 13, line 6 ("she had not prominent gait abnormalities") should read: "she had no prominent gait abnormalities." Dkt. 15 at 13, line 20 ("due their parents' problems") should read: "due to their parents' problems." Dkt. 15 at 27, line 2 ("observed tha the [Claimant was able") should read: "observed that the [C]laimant was able."

3) The Clerk is directed to enter judgment in favor of the Defendant Commissioner.

4) The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 22nd day of September, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record